**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JIGARKUMAR PATEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-cv-01226** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CHRISTOPHER S. BULLOCK, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM AND ORDER**

Petitioner Jigarkumar Patel was arrested by United States Immigration and Customs Enforcement ("ICE") agents in Columbia, Tennessee on August 25, 2026, and is currently in an ICE Processing Center in Pine Prairie, Louisiana. (Doc. No. 1 ¶ 1; Doc. No. 10 ¶¶ 4, 6-7). For the reasons stated herein, Petitioner's Verified Petition for Writ of Habeas Corpus is **GRANTED**. Respondents are **ORDERED** to immediately transport Mr. Jigarkumar Patel to the Middle District of Tennessee at the Government's expense and to release him immediately.

## I. BACKGROUND

Petitioner, through counsel, initiated this habeas action on August 26, 2026, by filing his Verified Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging he is being unlawfully detained and denied a bond hearing by Respondents in violation of the of the Fifth Amendment Due Process clause and the Immigration and Nationality Act. (*See* Doc. No. 1). Petitioner was apprehended in the interior of the United States in a warrantless ICE enforcement action at a place of business, years after his entry, and the Department of Homeland Security is treating him as subject to mandatory detention without bond under 8 U.S.C. § 1225(b)(2)(A). (*See id.* ¶ 3). The Petition represents that, as of the time of its filing, counsel for Petitioner believed that Petitioner was in the custody of Respondents within this judicial district.

(*See id*. ¶ 22). The Petition further represents that, as of the time of its filing, Petitioner's name returned zero results on the ICE Online Detainee Locator System and counsel for Petitioner had not yet been able to communicate directly with Petitioner since his arrest. (*See id*. ¶¶ 32-33).

On August 31, 2026, the Court ordered Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Doc. No. 8). Respondents filed their response on September 2, 2026, (Doc. No. 9), with a declaration executed on August 31, 2026 stating that, on August 25, 2026, Petitioner was arrested in Columbia Tennessee, detained in Nashville, Tennessee, and then transferred to a detention facility in Mason, Tennessee. (Doc. No. 10 ¶¶ 4, 5). Petitioner filed his reply on September 5, 2026. (Doc. No. 12).

## II. LAW AND ANALYSIS

### A. Jurisdiction

Respondents submit that the Court should dismiss the Petition for lack of jurisdiction because the Petition was not filed in the judicial district where he was detained at the time of filing or alternatively for failure to exhaust administrative remedies.

1. <u>District of Confinement</u>

The general rule is that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (U.S. 2004). An exception to this general rule is when a petitioner is being held in an undisclosed location by an unknown custodian. *See id*. at 450 n.17 ("When … a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules."); *see e.g., Suri v. Trump*, 184 F.4th 260,

277 (4th Cir. 2026) ("it is impossible to apply the district of confinement rule because Suri was held in an undisclosed location.") (internal quotations omitted).

Respondents submit that this action must be dismissed for lack of jurisdiction or transferred to the Western District of Tennessee because that is where Petitioner was detained when the present action was filed. (*See* Doc. No. 9 at 3 ("The Petition contains the fatal flaw of having been filed in a district outside of the Petitioner's district of confinement.")). Respondents further submit that the undisclosed location and unknown custodian exception is inapplicable in this case because "there is no suggestion that Petitioner's counsel was unaware of the Petitioner's location at the time of filing." (Doc. No. 9 at 4). Respondents are incorrect on this point. Indeed, the record contains multiple representations that Petitioner's counsel was unaware of Petitioner's location at the time of filing the Petition and was so unaware because, before and at the time of filing the Petition, the ICE Online Detainee Locator System returned zero results for Petitioner's name and she was unable to communicate directly with Petitioner. (Doc. No. 1 ¶¶ 2, 22, 32-33; Doc. No. 1-1). On this record, Petitioner's counsel did not know and could not find out where Petitioner was detained when she filed the Petition. The Court finds that the exception to the default district of confinement rule applies under these circumstances. *See Padilla*, 542 U.S. at 450; *Suri*, 184 F.4th at 277 ("Such opaque and unpredictable conduct by the Government left Suri's counsel with no meaningful way to comply with the district of confinement rule."). Accordingly, the Court finds that it has habeas corpus jurisdiction to consider the Petition.

2. <u>Administrative Exhaustion</u>

Respondents also submit that this action should be dismissed for lack of jurisdiction because Petitioner has failed to exhaust his administrative remedies:

> Here, Petitioner has not availed himself of the administrative remedies available to him. Petitioner has not provided

> documentation that he has even requested a bond hearing. Petitioner does not have a final administrative bond order.

(Doc. No. 9 at 5). Of course, exhaustion is an affirmative defense, including in the context of a federal prisoner's Section 2241 petition, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), and Respondents' invocation of it is inadequately developed. Additionally, "a due process challenge generally does not require exhaustion since the BIA lacks authority to review constitutional challenges." *Lopez-Campos v. Raycraft*, 797 F.Supp.3d 771, 779 (E.D. Mich. 2025) (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) and *Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006) ("exhaustion of administrative remedies may not be required in cases of non-frivolous constitutional challenges to an agency's procedures.")).

When, as here, exhaustion of administrative remedies is not mandated by Congress, the decision to require exhaustion is within the sound discretion of the district court. *See Shearson v. Holder*, 725 F.3d 588, 593–94 (6th Cir. 2013). Courts excuse exhaustion when it "would be futile and unable to afford the petitioner the relief he seeks." *Raycraft*, 797 F.Supp.3d at 778 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992) and *Fazzani v. NE Ohio Corr. Ctr.*, 473 F.3d 229 (6th Cir. 2006) and *Goar v. Civiletti*, 688 F.2d 27, 28-29 (6th Cir. 1982)). And "because [the present Petition] includes a due process claim, the administrative scheme (*i.e.*, appeal to the BIA) is likely futile." *Id.* Petitioner argues exhaustion is not required because his Petition presents a purely legal threshold question concerning the statute governing detention. (Doc. No. 12 at 6).

Because the legal questions presented by the Petition are fit for prompt resolution and because exhaustion would be futile, the Court waives administrative exhaustion and will address the merits of the Petition. *See Silgado Diaz v. Bullock*, 2026 WL 2518600, at *1 (W.D. Tenn. Aug. 26, 2026).

### B. Merits

This past May, the Sixth Circuit ruled that certain noncitizens were improperly detained under § 1225(b)(2) instead of § 1226(a), and that detention without an opportunity for release on bond violated their due process rights:

> Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since "§ 1226 applies to aliens already present in the United States" and "creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings," Petitioners could have been detained pursuant to only § 1226. *See Jennings*, 583 U.S. at 303.
>
> …
>
> Petitioners rightfully state that they have a liberty interest to be free from detention. As discussed, this is the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike. *See Zadvydas*, 533 U.S. at 690, 121 S.Ct. 2491; *Hamdi*, 542 U.S. at 529, 124 S.Ct. 2633. It is from this liberty interest that detention without an individualized bond hearing can become constitutionally impermissible, even if the detention has a theoretical end point. *See Hernandez-Lara*, 10 F.4th at 45–46; *Velasco Lopez v. Decker*, 978 F.3d at 855 & n.13.

*Lopez-Campos v. Raycraft*, 175 F.4th 713, 732-34 (6th Cir. 2026) (affirming the district court's determination that the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights). This binding authority is on the exact issue presently before the Court and controls the resolution of the Petition in this matter.[1]

---

[1] In other districts, respondents concede that *Lopez-Campos* controls this issue. *See e.g., Silgado Diaz*, 2026 WL 2518600, at *1 ("Respondent concedes that the Western District of Tennessee has jurisdiction, and the Sixth Circuit's holding in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026) governs the Petition."); *Chavez Ortiz v. West Tennessee Detention Facility*, 2026 WL 2455344, at *1 (W.D. Tenn. August 21, 2026) ("Respondent concedes that *Lopez-Campos* 'cover[s]' this matter."). Respondents' omission of any reference to *Lopez-Campos* in its discussion of the lawfulness of Petitioner's detention in the present matter is troubling. The Court reminds counsel for Respondents that "[a] lawyer has a duty to cite controlling adverse authority to the court." *U.S. v. Hill*, 79 F.3d 1477, 1489 (6th Cir. 1996).

"ICE's decision to detain [Petitioner] without a bond hearing violated that liberty interest [to be free from detention], which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release." *Chavez Ortiz*, 2026 WL 2455344, at *2 (citing *Villafranca Lara v. Ladwig*, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).")); *see also Cardona v. Ladwig*, 2025 WL 3722009, at *7 (M.D. Tenn. Dec. 23, 2025) (ordering Petitioner's immediate release rather than a bond hearing after finding he was unlawfully detained under 8 U.S.C. § 1225(b)(2)). Therefore, consistent with *Lopez-Campos*, *Villafranca Lara*, and *Chavez Ortiz*, and after consideration of the record, the Petition (Doc. No. 1) is **GRANTED**.

## III. CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondents are **ORDERED**, at the Government's expense, to immediately transfer Petitioner back to the Middle District of Tennessee. Immediately following Petitioner's return to this District, Respondents are **ORDERED** to release Petitioner. Respondents are **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2). Respondents are **FURTHER ORDERED** to file a status report with this Court within **two business days**, to certify compliance with this Order.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE